UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| VIRGINIA WHITTLE, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No.: 4:16-cv-01710-SGC |

**MEMORANDUM OPINION**[1]

Plaintiff Virginia Whittle brings this action pursuant to Sections 205(g) and 1383(c)(3) of the Social Security Act (the "Act"). Plaintiff seeks review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB"). (Doc. 1). Based on the court's review of the record and briefs submitted by the parties, the court finds the decision of the Commissioner is due to be affirmed.

**I.    Facts, Framework, and Procedural History**

At the time of the decision, Plaintiff was fifty-eight years old, with a high school education. (R. 23, 25, 50). She was 5'6" and weighed 260 pounds. (R. 58). She previously worked as a sewing machine operator which is classified as semi-skilled, light work. (R. 25). Plaintiff stopped working in 2010 when the sock factory where she worked closed. (R. 37, 318). She received unemployment benefits until November 2012. (R. 318). Since the 1990s, Plaintiff has experienced problems with anxiety, including panic attacks and problems being around people when she was working. (R. 41, 59). Plaintiff testified her physical problems involve her back, which was injured in a car accident, and her left arm which hurts from pulling socks. (R.

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 9).

46, 56). She also testified she experiences pain in her heel which limits her walking, and she must elevate her feet if she stands for periods of time. (R. 46, 48).

Plaintiff's daily activities include performing self-care tasks, going to church, going to the store, washing dishes, doing laundry, sweeping the floor, and doing light housework. (R. 41, 45, 319-20). She drives to town and to her sister's house for visits. (R. 53, 320). She cares for a dog and prepares simple meals. (R. 212-13). Plaintiff watches television, reads the newspaper, and calls her mother regularly. (R. 320). She testified medications help her mental and emotional issues. (R. 54).

Plaintiff filed her applications for DIB on April 3, 2013, alleging disability since March 16, 2013.[2] (R. 14, 102). The Social Security Administration denied Plaintiff's application. (R. 106-11). On July 16, 2013, Plaintiff filed a Request for Hearing and received a hearing before Administrative Law Judge Jerome L. Munford ("ALJ") on March 16, 2015. (R. 112-13, 31-68). On May 29, 2015, the ALJ determined Plaintiff was not disabled under the criteria set forth in 20 C.F.R. § 404.1520. (R. 14-27). On June 25, 2015, Plaintiff requested the Appeals Council review the ALJ's decision. (R. 7). The appeal was denied on September 12, 2016. (R. 1-3). Accordingly, the final decision of the Commissioner is properly before the court for appellate review.[3]

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination whether the claimant is performing substantial gainful activity ("SGA"). 20 C.F.R. §

---

[2] Her alleged onset date is one day after her previous unfavorable ALJ decision. (R. 72-84).
[3] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) (ALJ decision final for the purposes of judicial review when the Appeals Council denied review).

404.1520(a)(4)(i). If the claimant is engaged in SGA, he or she is not disabled and the evaluation stops. *Id*. If the claimant is not engaged in SGA, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet durational requirements before a claimant will be found disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments fall within this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled, and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience, to determine whether he or she can perform other work. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, he or she is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ determined Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 16, 2013. At the second step, Plaintiff was found to have the following severe impairments: bipolar disorder, anxiety, left shoulder pain, obesity, and chronic lower back pain. (R. 17-19).

At step three, the ALJ determined that Plaintiff's impairments or combination of impairments, although severe, do not meet or functionally equal one of the listed impairments necessary to constitute a disability under the Act. (R. 20-21). As to Plaintiff's physical impairments, the ALJ found Listing 1.02, major dysfunction of a joint, was not met because Plaintiff is able to ambulate effectively and perform fine gross movements with each upper extremity. (R. 20). The ALJ further found Listing 1.04, disorders of the spine, was not met because there was no evidence of compression of a nerve root, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication. (*Id*.). As to Plaintiff's mental impairments, the ALJ found, considered singly and in combination, the severity of her mental impairments do not meet or equal the criteria of Listings 12.04 and 12.06. (R. 20-21).

Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c), with the following limitations: no frequent stooping or crouching; no more than occasional climbing; no work at unrestricted heights; no driving; no work requiring production goals or quotas; simple, non-complex tasks; work primarily with or around things and not people; and only casual contact with the general public. (R. 22). Because the ALJ determined Plaintiff was unable to perform any past relevant work at step four (R. 25), the ALJ relied on the testimony of a vocational expert ("VE") in finding a significant number of jobs in the national economy Plaintiff can perform. (R. 26). Thus, Plaintiff was found not to be disabled at step five of the five-step sequential evaluation process. (R. at 27).

4

## II. Standard of Review

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987)

(citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

Plaintiff asserts the ALJ's decision is not supported by substantial evidence and should be reversed and remanded. (Doc. 12 at 8-12). Specifically, Plaintiff contends she cannot do, and never has done, medium work. (*Id*. at 9-10). She also contends the ALJ should have further developed the record regarding her physical functioning. (*Id*. at 12).

### A. ALJ's Determination Plaintiff Can Perform Medium Work

Substantial evidence supports the ALJ's finding Plaintiff can perform medium work with the limitations outlined. (R. 22-25). A Plaintiff's RFC is the most a claimant can still do despite her limitations. 20 C.F.R. § 404.1545(a). The final responsibility for assessing a claimant's RFC rests with the ALJ based on all the relevant medical and other evidence in the record. 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c); *Phillips*, 357 F.3d at 1238. Relevant medical evidence includes not only medical opinions, but also medical reports from treating and examining sources and descriptions and observations of a Plaintiff's limitations by the claimant and others. 20 C.F.R. § 404.1545(a)(3). Although physicians' opinions about what a Plaintiff can do or the claimant's restrictions are relevant evidence, such opinions are not
determinative because it is the ultimate responsibility of the ALJ to assess the Plaintiff's RFC. 20 C.F.R. §§ 404.1512(b)(2), 404.1513(b)(6), 404.1527(d)(2), 404.1545(a)(3), 404.1546(c); *Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) ("The task of determining a claimant's ability to work is within the province of the ALJ, not a doctor").

In her disability paperwork, as well as in her testimony at the hearing, Plaintiff's complaints almost entirely surround her mental impairments and most specifically her anxiety disorder. The evidence shows, however, Plaintiff's mental impairments improved with treatment and medication. Medical conditions controlled with medication are not disabling. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988). The record establishes Plaintiff's mental status exam was normal in November 2013, approximately three months after beginning treatment. (R. 338). In May 2014, Plaintiff reported she was doing better, and her mental status exam confirmed her mental status was essentially normal. (R. 24, 331, 333). Although she continued to report anxiety and depression symptoms throughout 2014, her mental status was again within normal limits in November 2014. (R. 382).

Moreover, substantial evidence supports the ALJ's finding that Plaintiff's statements concerning her mental impairments and their impact on her ability to work are not entirely credible in light of the medical history, the reports of examining practitioners, and the clinical findings made on examination. (R. 23-24). The medical records from May 2014, September 2014, and November 2014 showed her thought processes were logical and within normal limits and her concentration as adequate. (R. 322-48, 368-75, 376-87). Although Plaintiff stated she has problems with her memory and concentration, Dr. Arnold, the consulting psychologist, noted normal abstract reasoning and thought processing. (R 319). Plaintiff could mentally calculate six quarters, recall a span of six digits forwards and 3 digits backwards, perform her serial seven calculations, and count from twenty to one. (R. 319). Additionally, Plaintiff reported she pays bills, counts change, and maintains a checkbook. (R. 214).

With regard to her physical impairments, the ALJ found the evidence did not support Plaintiff's allegations regarding her physical symptoms and limitations. (R. 24). Substantial

evidence supports the finding of the ALJ. Although Plaintiff's testimony about her own limitations and pain contradicted some of the record evidence, the ALJ clearly reviewed all the evidence and cited valid reasons for concluding Plaintiff's testimony was not entirely credible. Plaintiff's primary care physician consistently noted Plaintiff's gait as normal and she experienced no acute distress. (R. 24-25, 351-52, 358, 372). The consultative psychologist, Dr. Arnold, also observed that Plaintiff's posture and gait were normal. (R. 24-25, 319). Treatment notes from the mental health center described Plaintiff has having no significant issues with self-care, mobility, and self-sufficiency. (R. 322-48, 376-87). Plaintiff testified she is able to sweep floors, prepare her own meals, and wash dishes, as well as go to the grocery store, church, and her sister's home. (R. 20, 211-15). Additionally, there is no evidence in the record showing Plaintiff received consistent or ongoing treatment for her left shoulder or lower back pain, despite having insurance. (R. 25).

The record evidence dated after the last ALJ decision[4] contains no objective evidence of abnormal physical functioning, and Plaintiff failed to meet her burden of proving she cannot perform medium level work. Moreover, when the ALJ asked the VE to identify jobs an individual with Plaintiff's RFC could perform, the VE identified both medium and light level jobs. (R. 63-64). Therefore, even assuming Plaintiff was limited to light work, the VE identified light jobs that an individual with Plaintiff's credible functional limitations could perform. (R. 63- 64). Accordingly, the court concludes the ALJ's decision is supported by substantial evidence.

---

[4] The court notes the last decision found Plaintiff had the RFC to perform medium work with the following limitations: claimant cannot climb ladders, ropes or scaffolds, but she can frequently climb ramps or stairs, balance, stoop, kneel, crouch and crawl; she cannot work around hazardous or moving machinery or at unprotected heights. (R. 76-77). Further, because of her mental impairments, the earlier decision stated claimant can only remember, understand, and carry out simple, not detailed or complex, instructions. (*Id*. at 77). She would function best in a low stress work setting and can handle occasional interaction with the public, co-workers, and supervisors. (*Id*.). She should not be required to perform "tandem tasks" to complete her normal work assignments. (*Id*.).

## B. ALJ's Duty to Develop the Record with Regard to Physical Functioning

A social security Plaintiff must prove that she is disabled. 20 C.F.R. § 416.912; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). Although the plaintiff bears the burden of submitting medical evidence to prove disability, 20 C.F.R. § 416.912(c), the ALJ has a duty to fully and fairly develop the record, even where the claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). The regulations state the ALJ may ask the claimant to attend a consultative examination at the Commissioner's expense, but only after the ALJ has given "full consideration to whether the additional information needed" and considered the evidence "readily available from the records of [the plaintiff's] medical sources." 20 C.F.R. § 404.1519a(a)(1); 20 C.F.R. § 404.1512(b)(2). The regulations "normally require" a consultative examination only when necessary information is not in the record and cannot be obtained from the claimant's treating medical sources or other medical sources. 20 C.F.R. § 404.1519a(b).

Here, the ALJ was not required to provide a consultative exam regarding Plaintiff's physical impairments. Throughout her paperwork, Plaintiff alleged she was unable to work based solely on her mental impairments. (R. 223-38). She did not indicate any physical impairment on her paperwork and did not submit any objective medical evidence supporting her subjective complaints regarding her left shoulder and lower back. Without any indication her physical impairments were disabling, the ALJ was not under any duty to order a consultative exam. Instead, the duty remained with Plaintiff to develop the record in regard to her physical impairments. 20 C.F.R. § 416.912(c) (plaintiff bears the burden of submitting medical evidence to prove disability).

Additionally, as discussed above, the ALJ had sufficient information to make a decision regarding Plaintiff's alleged physical impairment and, as such, was not required to order a consultative examination. Plaintiff's primary care physician consistently noted Plaintiff's gait as normal, and Dr. Arnold also observed Plaintiff's posture and gait were normal. (R. 24-25, 319, 351-52, 358, 372). Treatment notes from the mental health center described Plaintiff has having no significant issues with self-care, mobility, and self-sufficiency. (R. 322-48, 376-87). Plaintiff's testimony and report of her daily activities also provided the ALJ with sufficient information regarding her alleged physical impairments.

In sum, Plaintiff has failed to show her due process rights have been violated to warrant remand for further development of the record. *Brown v. Shalala*, 44 F.3d 931, 934–35 (11th Cir. 1995). The court finds the ALJ had sufficient information to make a decision regarding Plaintiff's alleged physical impairment. The record does not reveal any "evidentiary gaps which result in unfairness or clear prejudice." *Id*. at 935.

## IV. Conclusion

The court concludes the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is due to be affirmed. A separate order in accordance with this memorandum of decision will be entered.

**DONE** this 7th day of March, 2018.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE